UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA SPRIGGENS | CIVIL ACTION |
| VERSUS | NO. 15-551 |
| MARLIN N. GUSMAN, ET AL. | SECTION: "A"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, Joshua Spriggens, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Marlin N. Gusman, Carlos J. Louque, and Bonita J. Pittman. In this lawsuit, plaintiff challenged the conditions of his confinement at the Orleans Parish Prison.

On May 4, 2015, the Court issued an Order scheduling a Spears hearing in this matter for June 4, 2015, and that hearing was subsequently rescheduled for July 14, 2015.[1] On July 13, 2015, the Court learned that plaintiff was no longer incarcerated at the Orleans Parish Prison, his address of record. Therefore, the Spears hearing was canceled because plaintiff's whereabouts were unknown.[2]

On August 31, 2015, the undersigned issued an Order directing plaintiff to file a written change of address with the Court on or before September 21, 2015.[3] That Order was sent to plaintiff both at his address of record and at alternate residential address he listed on his complaint.[4]

---

[1] Rec. Docs. 11 and 12. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1989).
[2] Rec. Doc. 13.
[3] Rec. Doc. 14.
[4] Rec. Doc. 14.

Both copies of the Order were returned by the United States Postal Service as undeliverable.[5] To date, plaintiff has not filed a change of address, and his whereabouts remain unknown.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. It is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[6] Because plaintiff has failed to meet that obligation, the Court has no way to contact him or to advance his case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[5] Rec. Docs. 15 and 16.
[6] Rec. Doc. 1, p. 6.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so.  Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to advance this case on the docket.  Therefore, his complaint should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-second day of September, 2015.



                    **SALLY SHUSHAN**
                    **UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.